Merrimack, } No. 3809.
April 5, 1949. }

STATE *v.* DONAT F. COTE & a.

*Ernest R. D'Amours,* Attorney-General, and *McLane, Davis, Carleton & Graf,* for the State.

*Robert E. Earley,* for the trustee in bankruptcy.

*Hughes & Burns* and *Conrad Danais,* for the other defendants.

JOHNSTON, J. The first reason advanced for the granting of the demurrer is that sufficient facts are not alleged to make out a cause of action. Section 8 of chapter 294 of the Laws of 1947 is as follows: "All contracts for the construction or reconstruction of all buildings hereunder shall be awarded to the lowest responsible bidder submitting a sealed bid after an advertisement calling for bids has been published at least once in two successive weeks in a newspaper in general circulation in New Hampshire. The first publication of such advertisement shall be not less than thirty days prior to the date upon which bids are received. If not more than one bid is received, the governor and council may negotiate a contract upon terms which it may deem most advantageous to the state. The state may reject any or all bids." The bill alleges that most of the labor and materials were furnished by the defendants in violation of these provisions for competitive bids.

"The requirement of competitive bidding in the letting of municipal contracts is uniformly construed as mandatory and jurisdictional and nonobservance will render the contract void and unenforcible." 3

McQuillin, Municipal Corporations (Rev. 2d *ed.*) 1171. This same principle that failure to comply with a requirement for competitive bidding will render contracts void applies also to a state official. "He [a public official] must comply with the requirement of law in respect of the manner in which, and the conditions upon which, contracts may be entered into." 43 Am. Jur. 100.

The reason for the strict enforcement of the competitive bidding provisions has been stated in *Miller* v. *McKinnon*, 20 Cal. (2d) 83, 88. "The competitive bidding requirement is founded upon. a salutary public policy declared by the legislature to protect the taxpayers from fraud, corruption, and carelessness on the part of public officials and the waste and dissipation of public funds."

Moreover, ignorance of the public officer's lack of authority cannot be argued in excuse. "And those dealing with the officer must take notice of the extent of authority conferred on him by law." 43 Am. Jur. 101.

The plaintiff's bill, accordingly, states sufficient grounds for recovery. *Burt* v. *Taunton*, 275 Mass. 535; *Builders Supply Company* v. *Helena*, 116 Mont. 368.

Since the plaintiff asks only for the return of all sums paid in excess of the reasonable value of the work and materials furnished, it is unnecessary to consider whether the State might have any greater rights.

The second ground for the demurrer is that the plaintiff has a plain and adequate remedy at law.

Even where there is no fiduciary relationship and no element of mutuality, an account of a complicated nature is a sufficient reason for equity to assume jurisdiction. "In equity there was jurisdiction in matters of accounts if it appeared that the case could not be intelligently tried by jury." *Daley* v. *Kennett*, 75 N. H. 536, 539.

"The instances in which the legal remedies are held to be inadequate and therefore a suit in equity for an accounting proper, are: . . . (2) Where the accounts are all on one side, but there are circumstances of great complication, or difficulties in the way of adequate relief at law. . . . The facts of each particular case should govern, and if it is doubtful whether adequate relief could be obtained at law, equity should entertain jurisdiction." 4 Pomeroy, Eq. Jur. 1077, 1078. "Although the complainants' claims were based upon contracts and there was no trust relation between the parties, it is manifest that the amount of those claims, respectively, could be ascertained only by an investigation of the accounts of the plaintiff in error and the books

and papers in its possession, and that the accounts themselves were so complicated that it would be difficult to present the various items to a jury in such a manner as to enable the jurors satisfactorily to determine the amount due. In such case it is well settled in this State that a court of equity has jurisdiction to entertain a bill for an accounting." *Ely* v. *King-Richardson Company*, 265 Ill. 148, 152.

In the case at bar, the necessary accounts are of great complication. There are four defendants and the named defendant is a party that is alleged to have done business under eight different trade names. The work and materials that must be considered were furnished the State from July 1, 1946 to the filing of the bill of complaint April 6, 1948 in an amount exceeding seven hundred thousand dollars. They were applied to six different state institutions. The allegedly void contracts were on a cost plus basis so that a determination of a reasonable value of the work and materials involves a consideration of innumerable items. Moreover, the records of what was furnished and its cost were in the possession of the defendants. Because of this fact and the great difficulty of preparing the plaintiff's case, discovery was requested and granted. The bill alleged that the defendants were not willing to give access to their books without imposing unreasonable conditions. These facts are complicated and show difficulties in the way of getting adequate relief at law. They warrant equity taking jurisdiction.

*Demurrer overruled.*

All concurred.